# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1546 | **DATE** | 11/30/2004 |
| **CASE TITLE** | Allen Peters (K-66038) vs. Sims | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, petitioner Allen Peters petition for writ of habeas corpus is denied. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | DEC 1 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 16 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ALLEN PETERS, )
)
    Petitioner, )
)
v. ) No. 04 C 1546
)
)
LARRY SIMS, )
)
    Respondent. )

DOCKETED
DEC - 1 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Allen Peters' ("Peters") petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254. For the reasons stated below, we deny Peters' petition for writ of *habeas corpus*.

## BACKGROUND

Following a jury trial in the Circuit Court of Cook County, Illinois ("trial court"), Peters was found guilty of home invasion, aggravated battery, and aggravated battery of a police officer. Peters was sentenced to thirty years imprisonment for home invasion to run consecutively with two concurrent terms of

16

five years imprisonment for aggravated battery and aggravated battery of a police officer. Peters appealed his conviction to the Appellate Court of Illinois which affirmed the judgment of the trial court. Peters then filed a petition for leave to appeal to the Supreme Court of Illinois, which was denied on November 29, 2000.

Subsequently, Peters filed a petition for post-conviction relief with the trial court. The trial court denied Peters' petition for post-conviction relief and Peters appealed. The Appellate Court of Illinois affirmed the ruling of the trial court, but modified Peters' sentence to thirty years of imprisonment to run concurrently, instead of consecutively, with the two concurrent terms of five years imprisonment for aggravated battery and aggravated battery of a police officer. Peters' petition for a rehearing in the Appellate Court of Illinois was denied. Peters then filed a petition for leave to appeal to the Supreme Court of Illinois which was denied on December 3, 2003.

On February 27, 2004, Peters filed a petition for writ of *habeas corpus* with this court. Peters remains incarcerated at the Logan Correctional Center in Lincoln, Illinois, where he is in the custody of Warden Larry Simms.

## LEGAL STANDARD

A district court may entertain a *habeas corpus* petition from a "person in

custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Pursuant to 28 U.S.C. § 2254(d):

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

## DISCUSSION

In Peters' petition for writ of *habeas corpus*, he presents the following three claims: (1) that the Illinois Appellate Court erred in its application of the Illinois Post-Conviction Hearing Act; (2) that his due process rights and his right to effective assistance of appellate counsel were violated; and (3) that his due process rights were violated by the Illinois Appellate Court on direct appeal. Inasmuch as Peters' petition for writ of *habeas corpus* was filed after April 24, 1996, the provisions of the Anti-terrorism and Effective Death Penalty Act of 1996 apply. *Benefiel v. Davis*, 357 F.3d 655, 659 (7th Cir. 2004).

I. Application of Illinois Post Conviction Hearing Act

In Peters' petition for writ of habeas corpus, he claims that the Illinois Courts erred in their applications of the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq*. A claim based on grounds that a state court erred in the application of the law of its state is not a cognizable claim in a petition for writ of *habeas corpus*. *Jones v. Thieret*, 846 F.2d 457, 459 (7th Cir. 1988). In *Thieret*, the Seventh Circuit stated that "an error of state law is not enough to issue a writ of habeas corpus, for 28 U.S.C. § 2254 provides that the writ may issue 'only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States.'" *Id.* The Seventh Circuit further stated that a petitioner "must argue not that [the error] is wrong, but that [the error] is so wrong, so surprising, that the error violates principles of due process. . . ." *Id.* at 461.

Peters argues that the Illinois Appellate Court "erred in relying upon the conflicting requirements of **PEOPLE V. COLLINS**, 202 Ill.2d 59 (2002)." ( Pet. additional p. 2). Peters asserts that the Illinois Appellate Court's "use of **COLLINS** supra is an unreasonable, inadequate [sic] and inconsistent application of procedural law and must fail to formulate an independent State ground as the basis to bar federal review." ( *Id.* p. 6). The basis for Peters' argument rests on the premise that the Illinois Appellate Court improperly relied on a Supreme Court of Illinois case with respect to the Illinois Post-Conviction Hearing Act when it reviewed his

4

petition for post-conviction relief. Since the claim presented in Peters' petition for writ of *habeas corpus* is based on grounds that the Illinois Appellate Court erred in the application of Illinois law, Peters' claim is not cognizable. *Thieret*, 846 F.2d at 459.

Even if Peters' claim was cognizable, we would find that the Illinois Appellate Court's decision to affirm the denial of Peters' post-conviction petition for relief was not unreasonable inasmuch as the trial court's denial was not "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law. . . ." 28 U.S.C. § 2254(d)(1). Peters' petition for post-conviction relief which was attached to his petition for writ of *habeas corpus* contains cursory and unsubstantiated accusations against his trial and appellate counsels. Peters' accusations in his petition for post-conviction relief fail to substantiate his contention that his counsels' performance was deficient. Even if Peters was able to establish that his counsels' performance was deficient, given the evidence against Peters, he has failed to show that such deficiency actually prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 691-94 (1984).

## II. Due Process and Ineffective Assistance of Counsel Claims

In Peters' petition for writ of *habeas corpus*, he claims that his Fifth Amendment due process right and his Sixth Amendment right to effective assistance

5

of counsel were violated when his appellate counsel failed to present and preserve on appeal issues relating to a *Brady* violation and a ruling by the trial judge denying a continuance. (Pet. at 5).

Before a petitioner can present a claim in a petition for writ of *habeas corpus*, the petitioner must first have presented that claim in "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Under Illinois' two-tiered appellate review process, except for death penalty claims which are heard directly by the Supreme Court of Illinois, a petitioner has a right to have his claims on appeal initially heard by the Appellate Court of Illinois. *Id.* at 843. After a petitioner's claims have been decided by the Appellate Court of Illinois, the petitioner may file a petition for leave to appeal to the Supreme Court of Illinois. *Id.* Failure by a petitioner to present a claim in a petition for leave to appeal to the Supreme Court of Illinois will result in a procedural default of that claim if it is later raised in a petition for writ of *habeas corpus. Rittenhouse v. Battles*, 263 F.3d 689, 697 (7th Cir. 2001); *see also White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999)(explaining that the procedural default rule announced in *Boerckel* that addressed a petitioner's failure to pursue a claim on direct appeal, "applies with equal force" in cases where a petitioner fails to pursue a claim in a post-conviction petition on collateral review). In *Verdin v. O'Leary*, 972 F.2d 1467,

1473-74 (7th Cir. 1992), the Seventh Circuit adopted a "fair presentment" test and stated that:

> [i]f the petitioner's argument to the state court did not: (1) rely on pertinent federal cases employing constitutional analysis; (2) rely on state cases applying constitutional analysis to a similar factual situation; (3) assert the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege a pattern of facts that is well within the mainstream of constitutional litigation, then [the] court will not consider the state courts to have had a fair opportunity to consider the claim.

*See id.* (noting that "the presence of any one of these factors, particularly factors (1) or (2), does not automatically avoid a waiver. . .[and] the court must consider the specific facts of each case."). Even where a petitioner procedurally defaults a claim for failing to present that claim to the state courts, a federal court can still review that claim if the petitioner "shows cause for failure to raise [that claim] at the appropriate time and actual prejudice which resulted from such failure" or, "[a]bsent such a showing, a defaulted claim is reviewable only if refusal to consider it would result in a 'fundamental miscarriage of justice'. . . ." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999).

Peters' due process and ineffective assistance of appellate counsel claims contained in his petition for writ of *habeas corpus* were not previously presented in his petitions for leave to appeal to the Supreme Court of Illinois on direct appeal or in his petitions for post-conviction relief. (Resp't Ex. C, K). Specifically, we note that Peters' arguments to the Supreme Court of Illinois did not rely on any pertinent federal or state cases employing constitutional analysis, did not allege any violations

7

of a constitutional right in any particularity, and did not allege a pattern of facts well within the mainstream of constitutional litigation that would have afforded the Supreme Court of Illinois an opportunity to "adjudicate squarely" the *habeas* claim which Peters has now filed with this court. *Verdin*, 972 F.2d at 1473-74; *Bocian v. Godinez*, 101 F.3d 465, 469 (7th Cir. 1996).

As a result of Peters' failure to present his claims of due process violations and ineffective assistance of counsel in a petition for leave to appeal to the Supreme Court of Illinois, such claims are now procedurally defaulted in Peters' petition for writ of *habeas corpus*. *Rittenhouse*, 263 F.3d at 697. Additionally, we find that Peters has not shown cause for his failure to present his claims in a petition for leave to appeal to the Supreme Court of Illinois. Furthermore, there is no indication that refusal by this court to review Peters' claims would result in a fundamental miscarriage of justice, given the evidence against Peters. *Scillia*, 193 F.3d at 917. Therefore, we find that Peters' claims are procedurally defaulted. Since neither exception to procedural default is applicable, procedural default bars *habeas* review of Peters' claims.

Even if Peters' claims were not procedurally defaulted, we would find that the Illinois Appellate Court's decision to affirm the trial court's denial of Peters' post-conviction petition for relief was not unreasonable. The trial court's denial was not "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law. . . ." because Peters fails to substantiate his contentions that his counsels' performance was deficient, or that such deficiency actually prejudiced

8

his defense, given the evidence against Peters. 28 U.S.C. § 2254(d)(1); *Henderson v. Briley*, 354 F.3d 907, 908 (7th Cir. 2004).

### III. Peters' Claim of a Due Process Violation

In Peters' petition for writ of *habeas corpus*, he claims that his Fifth Amendment due process rights were violated when the Illinois Appellate Court, on direct appeal, upheld the trial court's reconsideration and vacation of its decision granting Peters' motion to suppress. Peters had filed a motion to suppress and the trial court had initially granted such request. (Resp't Ex. B p. 1-6). However, one week later, the trial court granted the State's motion to reconsider its decision, and after a hearing the trial court vacated its previous decision and denied Peters' motion to suppress. *Id.*

Peters' claim of a due process violation in his petition for writ of *habeas corpus* was not previously presented in his petitions for leave to appeal to the Supreme Court of Illinois on direct appeal or in his petitions for post-conviction relief. (Resp't Ex. C, K). Although, Peters argued on direct appeal to the Supreme Court of Illinois that the trial court's decision to vacate its earlier ruling on the motion to suppress was an error because the State had not presented new or additional evidence, Peters' argument was postulated on whether there was "new or additional evidence" at the rehearing on the motion to suppress and did not rely on any constitutional analysis, did not allege any violations of a constitutional right, and

9

did not allege a pattern of facts well within the mainstream of constitutional litigation that would have afforded the Supreme Court of Illinois an opportunity to "adjudicate squarely" the *habeas* claim which Peters has now filed with this court. (Resp't Ex. C p. 8-11); *Verdin*, 972 F.2d at 1473-74; *Bocian*, 101 F.3d at 469. In Peters' petition for post-conviction relief, he did not raise a constitutional claim of a violation of due process with regard to the trial court's reconsideration and vacation of its decision granting Peters' motion to suppress, but only raised it in the form of an ineffective assistance of counsel claim which we already addressed earlier in this opinion.

As a result of Peters' failure to present a due process violation claim in a petition for leave to appeal to the Supreme Court of Illinois, such claim is now procedurally defaulted in Peters' petition for writ of *habeas corpus*. *Rittenhouse*, 263 F.3d at 697. Additionally, we find that Peters has not shown cause for his failure to present his claim in a petition for leave to appeal to the Supreme Court of Illinois. Furthermore, there is no indication that refusal by this court to review Peters' claim would result in a fundamental miscarriage of justice, given the evidence against Peters. *Scillia*, 193 F.3d at 917. Therefore, we find that Peters' claim is procedurally defaulted. Since neither exception to procedural default is applicable, procedural default bars *habeas* review of Peters' claim.

Even if the Peters' due process violation claim was not procedurally defaulted, we would find that the Illinois Appellate Court's decision on direct appeal to uphold

the trial court's reconsideration and vacation of its decision granting Peters' motion to suppress was not "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law...." 28 U.S.C. § 2254(d)(1); *Henderson*, 354 F.3d at 908. Specifically, the Illinois Appellate Court stated the following:

> A pre-trial ruling on a motion to suppress is not final and may be changed or reversed at any time prior to final judgment. People v. Caballero, 102 Ill. 2d 23, 35-46 (1984); People v. Brooks, 187 Ill.2d 91, 127 (1999). In the case at bar, the trial court heard argument regarding the State's motion to reconsider and after reviewing its notes from the previous hearing, found that [Peters'] testimony was not credible, having been contradicted by other witnesses. This court will not substitute its judgment for that of the trial court with respect to the credibility of a witness. People v. Furby, 138 Ill. 2d 434, 455 (1990)... Accordingly we find that trial court's denial of [Peters'] motion to suppress was not against the manifest weight of the evidence.

(Resp't Ex. B p. 13-14). The Seventh Circuit has stated that "[f]ederal courts are in no position to redetermine the credibility of witnesses observed by state trial courts." *Kines v. Godinez*, 7 F.3d 674, 678 (7th Cir. 1993). Inasmuch as the trial court's decision to reconsider and vacate its decision granting Peters' motion to suppress was based on Peters' credibility, the Illinois Appellate Court's decision on direct appeal affirming the trial court's ruling was not unreasonable.

11

## CONCLUSION

Based on the foregoing analysis, we deny Peters' petition for writ of *habeas corpus*.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 30, 2004