Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1546 | **DATE** | 1/12/2005 |
| **CASE TITLE** | Peters vs. Sims | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated in the attached memorandum opinion, petitioner's motion for a certificate of appealability is denied. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 1 3 2005 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 22 |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALLEN PETERS,             )
                          )
         Petitioner,      )
                          )
    v.                    )   No. 04 C 1546
                          )
LARRY SIMS,               )
                          )
                          )
         Respondent.      )

**DOCKETED**
JAN 1 3 2005

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Allen Peters' ("Peters") request for a certificate of appealability pursuant to 28 U.S.C. § 2253(c). For the reasons stated below, Peters' request for a certificate of appealability is denied.

### BACKGROUND

Following a jury trial in the Circuit Court of Cook Count, Illinois ("trial court"), Peters was found guilty of home invasion, aggravated battery, and aggravated battery of a police officer. Peters was sentenced to thirty years

1

imprisonment for home invasion to run consecutively with two concurrent terms of five years imprisonment for aggravated battery and aggravated battery of a police officer. Subsequently, the Illinois Appellate Court modified Peters' sentence to thirty years of imprisonment to run concurrently, instead of consecutively, with the two concurrent terms of five years imprisonment for aggravated battery and aggravated battery of a police officer. After exhausting his state court remedies on direct appeal and in post-conviction proceedings, Peters filed a petition for writ of *habeas corpus.* On November 30, 2004, in a memorandum opinion ("Opinion"), we denied Peters' petition for writ of *habeas corpus. Peters v. Sims,* 2004 WL 2967431 (N.D. Ill. 2004). Peters now seeks a certificate of appealability.

## LEGAL STANDARD

In order to appeal the denial of a petition for writ of *habeas corpus,* a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c); *Montgomery v. Davis,* 362 F.3d 956, 957 (7th Cir. 2004). A court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v.*

*McDonnell*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

## DISCUSSION

In Peters' request for a certificate of appealability, Peters argues that this court should issue a certificate of appealability for the following claims raised in his petition for writ of *habeas corpus*: claim I, relating to the Illinois Courts' application of the Illinois Post-Conviction Act; claim II, relating to Peters' claim that his due process and ineffective assistance of counsel rights were violated when his appellate counsel failed to present and preserve issues relating to an alleged *Brady* violation and a ruling by the trial court judge denying a continuance; and claim III, relating to Peters' claim that the Illinois Appellate Court's decision on direct appeal to uphold the trial court's reconsideration and vacation of its decision granting Peters' motion to suppress violated his due process rights.

In claim I of Peters' petition for writ of *habeas corpus*, Peters argued that the Illinois Appellate Court improperly relied on a Supreme Court of Illinois case with respect to the Illinois Post-Conviction Hearing Act when it reviewed his petition for post-conviction relief. Peters argued that the Supreme Court of Illinois case that the Illinois Appellate Court relied upon contained "conflicting requirements." (See Pet. additional p.2)(citing *People v. Collins*, 202 Ill.2d 59(2002)). In our Opinion, we

3

did not determine what the applicable Supreme Court of Illinois precedent was for adjudicating a petition for post-conviction relief in Illinois, nor did we state how the Illinois Appellate Court should interpret or apply such precedent. Instead, we found that because Peters' claim was based on grounds that the Illinois Appellate Court erred in the application of Illinois law, his claim was not cognizable. In Peters' request for a certificate of appealability, Peters argues that claim I was cognizable because the allegations set forth in claim I sufficiently presented an argument that his due process rights were violated by the Illinois Appellate Court's decision. However, as we noted in our Opinion, even if claim I was cognizable, the Illinois Appellate Court's decision to affirm the trial court's denial of Peters' petition for post-conviction relief was not unreasonable inasmuch as the trial court's denial of Peters' petition for post-conviction relief was not "a decision that was contrary to, or involved an unreasonable application of clearly established Federal law . . . ." 28 U.S.C. § 2254(d)(1). We noted in our Opinion that Peters' cursory accusations of ineffective assistance of counsel set forth in his petition for post-conviction relief in the trial court failed to substantiate that his counsels' performance was deficient, or that such a performance, if proven deficient, actually prejudiced his defense given the evidence against him. *See Strictland v. Washington,* 466 U.S. 668, 687-88 (1984)(explaining that to establish a claim of ineffective assistance of counsel a petitioner must prove that counsel's performance was deficient and that counsel's

deficiency prejudiced the defense.)

In claim II of Peters' petition for writ of *habeas corpus*, Peters claimed that his due process and ineffective assistance of counsel rights were violated when his appellate counsel on direct appeal failed to present and preserve issues relating to an alleged *Brady* violation and a ruling by the trial court judge denying a continuance. (Pet. additional pp. 7-12). In our Opinion addressing Peters' claims against his appellate counsel, we found that Peters procedurally defaulted such claims because he failed to fairly present them in his petitions for leave to appeal to the Supreme Court of Illinois. (Resp't Ex. C, K). Even if the claims against Peters' appellate counsel were not procedurally defaulted, we noted in our Opinion that we would still find that the Illinois Appellate Court's decision to affirm the trial court's denial of Peters' petition for post-conviction relief was not unreasonable because the trial court's decision was not contrary to Federal law. As we noted in our Opinion, Peters' petition for post-conviction relief in the trial court failed to substantiate that his counsels' performance was deficient, or that such a performance, if proven deficient, actually prejudiced his defense given the evidence against him. *Strictland,* 466 U.S. at 687-88; *Henderson v. Briley,* 354 F.3d 907, 908 (7th Cir. 2004).

In claim III of Peters' petition for writ of *habeas corpus*, Peters claimed that his Fifth Amendment due process rights were violated when the Illinois Appellate Court, on direct appeal, upheld the trial court's reconsideration and vacation of its

5

decision granting Peters' motion to suppress. In our Opinion, we found that Peters procedurally defaulted claim III because he failed to fairly present it as a due process claim in his petitions for leave to appeal to the Supreme Court of Illinois. (Resp't Ex. C, K). Even if claim III was not procedurally defaulted, we noted in our Opinion that we would find that the Illinois Appellate Court's decision on direct appeal to uphold the trial court's reconsideration and vacation of its decision granting Peters' motion to suppress was not "a decision that was contrary to, or involved an unreasonable application of clearly established Federal law . . . ." 28 U.S.C. § 2254(d)(1). As we noted in our Opinion, the decision of the Illinois Appellate Court to uphold the trial court was not unreasonable because the trial court's decision to reconsider and vacate its decision granting Peters' motion to suppress was based on Peters' credibility. *See Kines v. Godinez*, 7 F.3d 674, 678 (7th Cir. 1993)(stating that "[f]ederal courts are in no position to redetermine the credibility of witnesses observed by state trial courts.")

In Peters' request for a certificate of appealability, Peters has failed to make a substantial showing that he has been denied a constitutional right and has also failed to show that reasonable jurists could agree or debate that claims I, II, and III of his petition for writ of *habeas corpus* should be granted. In addition, Peters has not presented any meritorious arguments that would indicate that the issues presented in claims I, II, and III deserve "encouragement to proceed further." *Slack*, 529 U.S. at

484. Therefore, we deny Peters' request for a certificate of appealability.

## CONCLUSION

Based on the foregoing analysis, we deny Peters' request for a certificate of appealability.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 12, 2005